IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JULIE LEDFORD P.[1] PLAINTIFF

V. CIVIL CAUSE NO. 3:26-CV-10-DAS

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

ORDER GRANTING PAYMENT OF ATTORNEY'S FEES

On September 6, 2026, the plaintiff filed a motion for an award of attorney's fees of $7,176.00 paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for 27.60 hours of work performed at the rate of $260.00 per hour. The Commissioner has responded in opposition to the plaintiff's motion, arguing that the fees should be reduced. The court has reviewed the briefing and relevant law and concludes the motion should be granted.

The plaintiff appealed the Commissioner of Social Security's denial of her application for supplemental security income and disability insurance benefits. Following the plaintiff's briefing in support of her appeal, the Commissioner moved to voluntarily remand the case for further administrative action. The court granted the Commissioner's motion and remanded the case. The plaintiff then filed the instant motion for EAJA fees.

In response, the Commissioner asks the court "to exercise its broad discretion to reduce the excessive fees requested from the public fisc." Specifically, the Commissioner objects to the 22.10 hours billed between 3/26/26 and 6/7/26 for performing legal research, drafting and editing the brief, and submitting it to ECF. The Commissioner argues the court cannot determine the reasonableness of the fees requested due to the lack of contemporaneous and adequately

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in social security cases, the undersigned identifies the plaintiff only by first name and last initial.

described time entries. Therefore, it asks the court to reduce the award by 11.1 hours, or 50% of the plaintiff's block-billed entry, resulting in an award of $4,303.00.

"An award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005). The plaintiff "has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim." *Id.* at *1 (citing *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir.1990)). And it is the court's independent duty to review the request and determine what is reasonable. *See Dunlap v. Comm'r of Soc. Sec.*, 2026 WL 1365956, at *1 (N.D. Miss. May 15, 2026) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).[2]

In her reply, the plaintiff maintains her 6-page brief in this case "fleshed out 2 different legal issues that all required hours of research of caselaw and supporting authority." She points out courts, including this one, have granted similar award amounts when requested in cases involving fewer issues and even in cases remanded before briefing or oral argument. *See e.g.*, *Washington v. Comm'r. of Soc. Sec.*, 2022 WL 16727117 (N.D. Miss. Nov. 4, 2022) (finding "a lengthy transcript […] and the brief addressing three well fleshed out issues, resulting in the Commissioner voluntarily remanding the case, substantially support the higher than average number of hours spent preparing the brief").

---

[2] In *Hensley*, the Supreme Court noted:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley*, 461 U.S. 424, 433 (1983).

In *Dunlap v. Commissioner of Social Security*, this court held "[a]lthough block-billing is not preferable and courts may reduce fees when litigants engage in such practices, the undersigned does not find that a reduction is warranted in the instant case." *Dunlap*, 2026 WL 1365956, at *1 (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) (finding that district court did not err in refusing to reduce hours in question for vagueness)).[3] The same outcome is justified here. The plaintiff's fee application is reasonable based on the record, on her success in obtaining remand, and on the overall fee requested for services rendered. The court declines to reduce the EAJA fee requested by any hours.

The defendant is ordered to pay the plaintiff $7,176.00 in attorney's fees under the Equal Access to Justice Act. This award is to be paid to the plaintiff for the benefit of her attorney, Leanna Reynolds, and should be mailed to counsel's office at P.O. Drawer 280, Charleston, MS, 38921.

SO ORDERED, this the 17th day of November, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

[3] The Fifth Circuit explained that counsel's entries "may border on inadequacy as a matter of law, but we are mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour." *Louisiana Power & Light Co.*, 50 F.3d at 327. In upholding the district court's determination, the Fifth Circuit considered the record as a whole and the district court's familiarity with the case and the quality of the attorney's work over a period of several years.